UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

| | | |
|---|---|---|
| OMEGA US INSURANCE, INC. | § § § § | |
| Plaintiff, | § | |
| vs. | § § | Civil Action No._____ |
| JERRY HEITZMAN CONSTRUCTION; PETER AND LUCY GOLDSMITH; PEGGY E. CARTER, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF CHARLES M. CARTER; BANK OF AMERICA, N.A.; SAN LUIS CONDOMINIUM COUNCIL; CRES TRUST; DENNIS AND KAREN ALBRIGHT; SCOTTSDALE INSURANCE COMPANY; GREAT AMERICAN INSURANCE CO.; and FERTITTA HOSPITALITY, LLC. | § § § § § § § § § § § § § § | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES, Plaintiff, OMEGA US INSURANCE, INC. ("Plaintiff" or "Omega US"), and files this its Complaint for Declaratory Judgment, and would show the following:

1.  Omega US brings this action seeking a declaratory judgment that it has no obligations to provide coverage for any damages which allegedly occurred in December of 2011 as a result of a water leak incident at the San Luis Condominiums, a luxury high-rise complex located at 5220 Seawall Blvd, Galveston, Texas. There is no coverage because: (1) the plumbing work performed by its Named Insured, Jerry Heitzman Construction ("Heitzman") that allegedly caused the leak and water damages was outside of the Policy's Classification and therefore, not covered pursuant to the Policy's Classification Limitation; (2) the Exclusion – Designated Work Endorsement applies and excludes coverage; and (3) the "Your Work" Exclusion applies and excludes coverage for any damages to work performed by Heitzman.

# I. PARTIES

2.      Plaintiff Omega US is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1450 East American Lane, Schaumburg, Illinois 60173.

3.      Jerry Heitzman  Construction is the assumed name of an unincorporated business association with its principal place of business at 6402 Crestside Drive, Pasadena, Texas, 77505, and may be served through its owner Gerald Harve Heitzman, at his dwelling or usual place of abode located at 6402 Crestside Drive, Pasadena, Texas 77505.

4.      Peter Goldsmith is an adult citizen and resident of Texas, is a co-owner of units 632 and 633 at the San Luis Condominiums, and may be served with process at his dwelling or usual place of abode located at 10 Kayak Ridge Drive, The Woodlands, Texas 77389.

5.      Lucy Goldsmith is an adult citizen and resident of Texas, is a co-owner of units 632 and 633 at the San Luis Condominiums, and may be served with process at her dwelling or usual place of abode located at 10 Kayak Ridge Drive, The Woodlands, Texas 77389.

6.      Charles M. Carter, deceased at all times relevant to this lawsuit, and Peggy E. Carter, an adult citizen and resident of Texas, were co-owners of units 332 and 333 at the San Luis Condominiums at all times relevant to this lawsuit.  Peggy E. Carter, individually and as Independent Executor of the Estate of Charles M. Carter, may be served at her dwelling or usual place of abode located at 9 Queensview Court, Dallas, Texas 75225.

7.      Bank of America, N.A., in its capacity as Trustee under the Last Will and Testament of Charles M. Carter, is the current owner of units 332 and 333 at the San Luis Condominiums pursuant to a Special Warranty Deed dated January 26, 2012 and filed in the Galveston County Real

Property records. Bank of America, N.A. does substantial business in Texas and may be served through its registered agent, CT Corporation System, located at 350 North St. Paul Street, Dallas, Texas 75201.

8.      San Luis Condominium Council is a domestic nonprofit corporation organized and existing under the laws of the State of Texas, with its principal place of business at 5220 Seawall Blvd, Galveston, Texas 77551, and may be served through its registered agent, Vic Fowler, 5220 Seawall Blvd, Galveston, Texas 77551.

9.      Scottsdale Insurance Company is a corporation organized and existing under the laws of Ohio, with its principal place of business in Scottsdale, Arizona, and is doing business in Texas, in part, as the insurer for the San Luis Condominium Council. Scottsdale Insurance Company may be served through its registered agent, CT Corporation System, located at 1300 East Ninth Street, Cleveland, Ohio 44114.

10.      Great American Insurance Company is a corporation organized and existing under the laws of Ohio with its principal place of business in Cincinnati, Ohio and is doing business in Texas, in part, as the Insurer for San Luis Resort & Condominium. Great American Insurance Company may be served through its attorney for service, CT Corporation System, located at 350 North St. Paul Street, Dallas, Texas 75201.

11.      Fertitta Hospitality, LLC is the owner of the San Luis Resort & Condominium located at 5222 Seawall Blvd, Galveston, Texas 77551, is a domestic limited liability company organized and existing under the laws of Texas, and may be served through its registered agent, Steven L. Scheinthal, located at 1510 West Loop South, Houston, Texas 77027.

12. Dennis James Albright is an adult citizen and resident of Texas, a co-owner of units 533, 534 and 535 at the San Luis Condominiums, and may be served with process at his dwelling or usual place of abode located at 5220 Seawall Blvd, Unit 535, Galveston, Texas 77551.

13. Karen K. Albright is an adult citizen and resident of Texas, a co-owner of units 533, 534 and 535 at the San Luis Condominiums, and may be served with process at her dwelling or usual place of abode located at 5220 Seawall Blvd, Unit 535, Galveston, Texas 77551.

14. CRES Trust is a Trust organized under the laws of Texas, the owner of units 432 and 433 at the San Luis Condominiums, and may be served with process through Raymond C. Kerr P.C., Trustee of CRES Trust, through its registered agent Raymond C. Kerr, located at 1800 Bering Drive, Ste. 600, Houston, Texas 77057.

15. Defendants listed in paragraphs 4 through 14 (hereinafter "Nominal Defendants") are not parties to the policy of insurance that is the subject of this action, but have been named as Defendants so as to be bound by the Judgment of this Court.

## II. JURISDICTION AND VENUE

16. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and this is an action between citizens of different states. Thus, diversity jurisdiction is proper pursuant to 28 U.S.C. §1332(a)(1).

17. Venue is proper under 28 U.S.C. §1391(a)(2) because one or more defendants reside in this judicial district or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

18. This is a case or controversy involving a policy issued in this judicial district sufficient to permit a declaratory judgment under 28 U.S.C. § 2201.

4

## III. RELEVANT FACTS

### A. The Omega US Policies of Insurance

19.    Omega US issued three (3) policies to Heitzman: (1) policy number OUSA11001441, for the policy period of June 22, 2009 to June 22, 2010 (the "2009 Policy"); (2) policy number OUSA11003789, for the policy period of June 22, 2010 to June 22, 2011 (the "2010 Policy"); and (3) policy number OUSA11005405, for the policy period of June 29, 2011 to June 29, 2012 (the "2011 Policy"). There is a gap in coverage from June 22, 2011 to June 29, 2011.

20.    Each policy has a limit of $300,000 each occurrence, $600,000 General Aggregate Limit, $300,000 Products/Completed Operations Aggregate Limit.

21.    The business description on each policy is:

*91341 - CARPENTRY-INTERIOR, 2. 92338 - DRYWALL OR WALLBOARD INSTALLATION, 3. 94569 - FLOOR COVERING NOT CERAMIC TILE OR STONE, 4. 99746 -TILE/STONE/MARBLE/MOSAIC OR TERRAZZO WORK, 5. 98305 - PAINTING-INTERIOR.*

22.    There are twelve (12) items listed under "Classification" on the Declarations Page of each of the policies:

| | |
|---|---|
| *01* | *DRYWALL OR WALLBOARD INSTALLATION* |
| *02* | *DRYWALL OR WALLBOARD INSTALLATION* |
| *03* | *TILE/STONE/MARBLE/MOSAIC OR TERRAZZO WORK* |
| *04* | *TILE/STONE/MARBLE/MOSAIC OR TERRAZZO WORK* |
| *05* | *CARPENTRY-INTERIOR* |
| *06* | *CARPENTRY-INTERIOR* |
| *07* | *PAINTING-INTERIOR* |
| *08* | *PAINTING-INTERIOR* |
| *09* | *FLOOR COVERING NOT CERAMIC TILE OR STONE* |
| *10* | *FLOOR COVERING NOT CERAMIC TILE OR STONE* |
| *11* | *SIDING/GUTTER INSTALLATION* |
| *12* | *SIDING/GUTTER INSTALLATION* |

23.    The 2010 Policy was effect when the alleged damages occurred. A true and correct copy of the 2010 Policy is attached as **Exhibit "A"**.

24.     The 2010 Policy contains *inter alia*, the following Exclusion – Classification

Limitation:

**EXCLUSION - CLASSIFICATION LIMITATION**

*The following exclusion is added to COVERAGES A, B AND C (Section I)*

> *This insurance does not apply to "bodily injury", "Property Damage", "advertising injury", "personal injury" or medical payments for operations which are not classified or shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements.*

25.     The Contracts Amendatory Endorsement (ALE 1530) of the 2010 Policy further

contains the following Designated Work Exclusion:

**4.     EXCLUSION - DESIGNATED WORK**

> *It is agreed that this insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of or resulting from "your work" on any of the following:*
>
> *a.      Condominiums, townhomes, townhouses, or apartment buildings.*
>
> *b.      Any buildings or structures in excess of three (3) stories, or forty (40) feet, in height, whichever is greater.*
>
> *However, the above exclusions (a. or b.) do not apply if:*
>
> > *(i)      specific job locations are shown by endorsement to this policy as a covered job, or*
> >
> > *(ii)     you were acting as a subcontractor of an unaffiliated general contractor, building owner or property manager and you were not responsible for:*
> >
> > > *(a)      the complete construction of the building(s) or structure(s); or*
> > >
> > > *(b)      the supervision of the complete construction of the building(s) or structure(s).*
> > > *\* \* \**

26.     Finally, the 2010 Policy contains the following "Your Work" Exclusion:

**SECTION I – COVERAGES**

        \*\*\*

### 2. EXCLUSIONS

*This insurance does not apply to:*

**l.**     **Damage to Your Work**

       *"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."*
       *This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.*

27.     The following definitions are further provided in the 2010 Policy:

*SECTION V – DEFINITIONS*

       \*\*\*

*14.*     *"Products-completed operations hazard":*

       *a.*     *Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product' or "your work" except:*

             *(1)*     *Products that are still in your physical possession; or*

             *(2)*     *Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:*

                   *(a)*     *When all of the work called for in your contract has been completed.*

                   *(b)*     *When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.*

                   *(c)*     *When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.*

             *Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.*

       *b.*     *Does not include "bodily injury" or "property damage" arising out of:*

             *(1)*     *The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;*

> *(2)    The existence of tools, uninstalled equipment or abandoned or unused materials; or*
>
> *(3)    Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.*
>
> \*\*\*
>
> *19.    "Your work" means:*
>
> *a.    Work or operations performed by you or on your behalf; and*
> *b.    Materials, parts or equipment furnished in connection with such work or operations. :*
>
> *"Your work" includes:*
>
> *a.    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and*
> *b.    The providing of or failure to provide warnings or instructions.*

## B. The San Luis Condominium Claims

28.    Upon information and belief, in February 2011, Heitzman was hired by the owners of Unit 633 at the San Luis Condominiums to perform certain renovations. During the remodeling of the washroom, Heitzman performed certain plumbing work. Specifically, upon information and belief, in April of 2011, Heitzman allegedly rerouted water supply lines for the installation of washer and dryer hookups.

29.    Upon information and belief, in December 2011, one of the joint couplers installed by Heitzman in Unit 633 allegedly failed to hold, allowing an uncontrolled release of water and allegedly causing severe water damage to the Condominium Council's property and to several condominium units, including Unit 633 and other units below it.

30.    The San Luis Condominium Association, Unit Owners or Occupants and/or their Insurers have made and/or are expected to make claims against Heitzman for the damages allegedly caused by the water leak from Heitzman's allegedly improper or defective plumbing work at the San

Luis Condominiums (the "Claims"). The known Claimants have been named as Nominal Defendants in this action. Plaintiff anticipates that other claims may be asserted in the future and will add these claimants as Nominal Defendants, when identified.

## C. Omega US's Coverage Positions to Date

31.     On March 6, 2012, Gulf Coast Claims Service ("GCCS"), the Claims Administrator for Omega US, issued a letter to Heitzman advising that Omega US was denying coverage for the claims asserted under the Omega US Policy pursuant to the Exclusion – Classification Limitation and Exclusion – Designated Work. The letter also advised that Omega US denied coverage for damages to Heitzman's work, including the plumbing system installed and for any breach of contract claims asserted. Finally, the letter reserved Plaintiff's rights to void the coverage pursuant to the law and the Representation Conditions in the Omega US Policy, if there was a material misrepresentation in the underwriting of the Policy. A copy of the March 6, 2012 Denial of Coverage and Reservation of Rights letter is annexed hereto as **Exhibit "B"**.

32.     On March 6, 2012, GCCS also issued letters to each of the Nominal Defendants advising that Omega US was denying coverage for the claim asserted against Heitzman under the Omega US Policy pursuant to certain policy limitations and exclusions and that Omega US would not be making any payments for the claim. Omega US also generally reserved rights to deny coverage for the claim on other grounds. A copy of the Denial of Coverage and Reservation of Rights letter addressed to: Defendants Dennis and Karen Albright is attached hereto as **Exhibit "C,"** The Carter Family Trust and The Peggy E. Carter Trust 2, included in this lawsuit as Defendants Peggy E. Carter and Bank of America, N.A, is attached hereto as **Exhibit "D,"** Defendant San Luis

Condominium Council, is attached hereto as **Exhibit "E,"** and Defendant CRES Trust, is attached

hereto as **Exhibit "F."**

## IV.  COUNT I – DECLARATORY JUDGMENT

### There Is No Coverage Under Omega US's Policy Pursuant to the Classification Limitation

33.     Plaintiff incorporates each and every allegation in paragraphs 1 through 32 of this

complaint.

34.     Plumbing is not set forth as either an operation, business description or classification

on the Declarations Page of the Policy.

35.     The Exclusion – Classification Limitation in the 2010 Policy clearly and

unambiguously excludes coverage for any operations not classified or shown in the Declarations

Page of the Policy.

36.     Heitzman's non-classified plumbing work allegedly caused the "Claims."

37.     Plaintiff is entitled to a declaration under 28 U.S.C. §2201 that the Policy's

Classification Limitation applies and excludes coverage for the "Claims."

## V.  COUNT II- DECLARATORY JUDGMENT

### There is No Coverage Under the Omega US Policy Pursuant to the Designated Work Exclusion Because the Damages at Issue Arose Out of or Resulted From Heitzman's Work on a Condominium and are within the "products-completed operations hazard"

38.     Plaintiff incorporates each and every allegation in paragraphs 1 through 38 of this

complaint.

39.     Plaintiff seeks a declaration under 28 U.S.C. §2201 that Omega US has no obligation

to provide coverage for the "Claims" because the damages at issue arose out of or resulted from

10

Heitzman's Work on a Condominium and thus, the Exclusion – Designated Work endorsement in the Omega US Policy applies and excludes coverage.

40.     The damages at issue in the "Claims" occurred after Heitzman had completed all of its work on Unit 633. Therefore, the damages at issue are within the "products-completed operations hazard," as defined in the Policy.

41.     The San Luis Condominium, including Unit 633, is a Condominium to which the Exclusion-Designated Work applies.

42.     Plaintiff is entitled to a declaration under 28 U.S.C. §2201 that the Policy's Exclusion – Designated Work applies and excludes coverage because the Claims seek recovery for damages within the completed operations hazard that arose or resulted from Heitzman's work on a condominium.

## VI.  COUNT III – DECLARATORY JUDGMENT

**There is No Coverage Under the Omega US Policy Pursuant to the
Designated Work Exclusion Because the Damages at Issue Arose Out of or
Resulted From Heitzman's Work above Three Stories and are within the "products-
completed operations hazard"**

43.     Plaintiff incorporates each and every allegation in paragraphs 1 through 42 of this complaint.

44.     Plaintiff seeks a declaration under 28 U.S.C. §2201 that Omega US has no obligation to provide coverage for the "Claims" at issue because the Damages arose out of or resulted from Heitzman's Work in excess of three (3) stories and thus, the Exclusion – Designated Work endorsement in the Omega US Policy applies and excludes coverage.

45.     The San Luis Condominium is a high-rise condominium that is in excess of three stories.

11

46.     Unit 633, in which Heitzman was performing its work, is located above three stories.

47.     Plaintiff is entitled to a declaration under 28 U.S.C. §2201 that the Policy's Exclusion – Designated Work applies and excludes coverage because the damages are within the "completed operations hazard" and arose out of or resulted from Heitzman's work in excess of three (3) stories.

## VII.  COUNT IV – DECLARATORY JUDGMENT

### The "Your Work" Exclusion excludes coverage for the Claims for Unit 633 to the extent that the damages are for the repair or replacement of Heitzman's Work

48.     Plaintiff incorporates each and every allegation in paragraphs 1 through 47 of this complaint.

49.     Plaintiff seeks a declaration under 28 U.S.C. §2201 that Omega US has no obligation to provide coverage to Heitzman and the Nominal Defendants for any Damages for the repair and replacement of Heitzman's work because such damages are excluded by the "Your Work" Exclusion.

50.     Upon information and belief, the Claims for Unit 633 include repair and/or replacement of work performed by Heitzman.

51.     Plaintiff is entitled to a declaration under 28 U.S.C. §2201 that to the extent that the Claims for damages to Unit 633 or any other of the Claims are for damages to Heitzman's work, the "Your Work" exclusion applies and excludes coverage.

## VIII.  PRAYER

WHEREFORE, Plaintiff Omega US seeks the following relief against Heitzman Construction Company and the Nominal Defendants:

(1)     On Count I, a declaration and judgment under 28 U.S.C. §2201 that because

Heitzman's work at issue in the "Claims" was plumbing work, Omega US has no

obligation pursuant to the Policy's Classification Limitation to provide coverage for

or to otherwise defend or indemnify Heitzman or any other Insured under the Omega

US Policy for any and all of the "Claims."

(2)     On Count II, a declaration and judgment under 28 U.S.C. §2201 that because

Heitzman's work at issue was on a Condominium, Omega US has no obligation

pursuant to the "Exclusion-Designated Work" to provide coverage for or otherwise

defend or indemnify Heitzman or any other Insured for any and all of the "Claims."

(3)     On Count III, a declaration and judgment under 28 U.S.C. §2201 that because

Heitzman was performing work in excess of three stories, Omega US has no

obligation pursuant to the "Exclusion-Designated Work" to provide coverage for or

otherwise defend and indemnify Heitzman or any other Insured for any and all

"Claims."

(4)     On Count IV, a declaration and judgment under 28 U.S.C. §2201 that Omega US

has no obligations to provide coverage for any damages to Heitzman's work, as the

"Your Work" Exclusion applies and excludes coverage for such damages;

(5)     Taxable costs of court and reasonable attorneys' fees; and

(6)     Such other and further relief as the Court deems just and equitable.

[signature on next page]

13

Respectfully Submitted,

DONATO, MINX, BROWN POOL, P.C.

By: _____
Robbie A. Moehlmann
ATTORNEY IN CHARGE
State Bar of Texas No. 00789905
Federal ID No. 25235
3200 Southwest Freeway, Ste. 2300
Houston, TX 77027
Telephone: (713) 877-1112
Fax: (713) 877-1138

ATTORNEY FOR PLAINTIFF