IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OMEGA US INSURANCE, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:12-cv-01484** |
| | § | |
| **JERRY HEITZMAN** | § | **JURY** |
| **CONSTRUCTION, et al.** | § | |
| **Defendants.** | § | |
| | § | |

---

**PLAINTIFF OMEGA US INSURANCE, INC.'S RESPONSE TO
DEFENDANTS STEVE MOSTYN AND AMBER MOSTYN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
UNDER FRCP RULES 12(b)(1) AND 12(b)(6)**

---

**TO THE HONORABLE SIM LAKE:**

NOW COMES, Plaintiff, OMEGA US INSURANCE, INC. ("Plaintiff" or "Omega US"),

and files this Response to *Defendants Steve Mostyn and Amber Mostyn's Motion to Dismiss First

Amended Complaint for Declaratory Judgment Under FRCP Rules 12(b)(1) and 12(b)(6)*

("Mostyns' Motion to Dismiss"), and in support thereof, would show as follows:

## I.   SUMMARY OF ARGUMENT

1.    Omega US received information from the President of the San Luis Condominium

Association indicating the Mostyns incurred damage during the incident.  As such, Omega US

has a factual basis for including the Mostyns as nominal defendants in this lawsuit.  The Mostyns

have an interest that would be affected by any declaration of this Court, and they should not be

dismissed from this action.  This Court has authority to hear this dispute under RULE 12(b)(1),

and Omega US has provided the Mostyns with factual allegations that, when accepted as true,

are plausible and rise above mere speculation, as required by RULE 12(b)(6).  Accordingly, the Court should deny the Mostyns' Motion to Dismiss.

## II.   EVIDENCE

Exhibit A:  Affidavit of Robbie Moehlmann;

Exhibit B:  Periodic Report filed on April 26, 2007 by the San Luis Condominium Association, Inc. with the Texas Secretary of State;

Exhibit C:  Galveston County Appraisal District Record R290146 showing Dennis James and Karen K. Albright own condominium units #534 and #535;

Exhibit D:  Correspondence between Dennis Albright and Robbie Moehlmann, the attachments of which include a list of condominium units damaged by the incident and a list of the owners of such units; and

Exhibit E:  Galveston County Appraisal District Record R290165 showing John S. and Amber Anderson Mostyn own condominium unit #334.

## III.   PROCEDURAL HISTORY

2.      Omega US filed its *Complaint for Declaratory Judgment* on May 11, 2012 ("Original Complaint") seeking a declaration that it has no obligation to provide coverage for damages which occurred in December 2011 as a result of a plumbing leak incident (the "incident") at the San Luis Condominiums.[1]  Omega US sued its policyholder, Jerry Heitzman Construction ("Heitzman") and named twelve (12) condominium owners as nominal defendants.[2]

3.      On or about June 1, 2012, counsel for Omega US received a telephone call from Dennis Albright ("Albright").[3]  Albright has extensive knowledge of the incident due to his leadership roles with the San Luis Condominium Association, Inc.,[4] a nominal defendant in this matter, and

---

[1] *See* Dkt. # 1.
[2] *Id.*
[3] *See* Exhibit A.
[4] *See* Exhibit B.

the co-owner of two condominium units which were damaged during the incident.[5]  Albright has generously provided counsel for Omega US with information regarding the condominium units which sustained damage during the incident.[6]  In doing so, he expressly stated he was not representing the information was accurate.[7]  Nevertheless, the information was compiled based on information obtained by the San Luis Condominium Association, Inc. and San Luis Condominiums office manager.[8]  According to the information provided, condominium unit #334 sustained damage during the incident which resulted in the need for the bedroom wall/closet and bathroom closet wall to be removed.[9]

4.     The San Luis Condominium Association, Inc. records, according to a document provided to counsel for Omega US by Albright, show Steve Mostyn as the owner of condominium unit #334.[10]  Counsel for Omega US confirmed this information by accessing public information available through the Galveston County Appraisal District which shows John S. Mostyn and Amber Anderson Mostyn ("the Mostyns") have owned unit #334 since August 1, 2008.[11]

5.     Based on the information obtained, without representation, from nominal defendants,[12] and independently validated, to the extent possible,[13] counsel for Omega US formed a reasonable belief that the Mostyns, as owners of a condominium unit with reported damage from the incident, have an interest which will likely be affected by any declaration of this Court. Accordingly, the Mostyns were named as nominal defendants in Omega US's *First Amended*

---

[5] *See* Exhibit C; Exhibit D.
[6] *See* Exhibit D.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *See* Exhibit E.
[12] *See* Exhibit D.
[13] *See* Exhibit E.

*Complaint for Declaratory Judgment*, which was filed on June 27, 2012 ("Amended Complaint").[14]

## IV.    ARGUMENT AND AUTHORITIES

### A. This Action is Justiciable Under Rule 12(b)(1) Because an Actual Controversy Exists Between Omega US and the Mostyns.

6.      The federal Declaratory Judgment Act (the "Act") states: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration...."[15] Courts have consistently approved the use of the Act to declare the rights and obligations of parties to an insurance policy.[16]

7.      When considering whether to issue a declaratory judgment, a district court must consider whether the action is justiciable.[17] Like any action, a declaratory judgment action must be ripe in order to be justiciable.[18]   A declaratory judgment action is ripe only if an actual controversy exists.[19] An actual controversy exists where a substantial controversy of sufficient immediacy and reality exists between parties with legal interests.[20] A declaratory judgment action is proper even when there are future contingencies that will determine if the controversy becomes real.[21] In fact, the Act was designed to settle actual controversies before they ripen into violations of

---

[14] *See* Dkt. # 19.
[15] 22 U.S.C. § 2201 (2010); *see also Redwood Resort Properties, LLC v. Holmes Co. Ltd.*, 2007 WL 1266060, at *4 (N.D. Tex. 2007) (mem. op.).
[16] *See Allstate Tex. Lloyd v. Lantz*, No. M-08-76, 2009 WL 499699, at *2 (S.D. Tex. Feb. 23, 2009); *see also Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330, 1333 (11th Cir. 1989) (declaratory relief is often sought in actions between insurers and insureds to determine rights and obligations under an insurance policy).
[17] *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2002).
[18] *Darwin Select Ins. Co. v. Laminack, Pirtle & Martines, L.L.P.*, No. H-10-5200, 2011 WL 2174970, at *2 (S.D. Tex. June 3, 2011) (mem. op.).
[19] *Id.*
[20] *Id.*
[21] *Id.*

4

law or a breach of a contractual duty.[22] A plaintiff can establish standing when suit is brought under the Act by establishing actual present harm or a significant possibility of future harm.[23] By its nature, however, a declaratory judgment action applies to injuries that have not yet occurred.[24] The issue is thus whether injury is sufficiently likely to justify judicial intervention.[25]

8.      It is undisputed that an actual controversy exists between Omega US and Heitzman. Because Heitzman is joined as a party to this action, the question is not whether the Mostyns derive an interest from any underlying claim, but whether the Mostyns derive any interest in this action from Heitzman which is sufficient to create a justiciable controversy.[26] Courts have determined that in cases where both the insured and injured party are joined as defendants in a declaratory judgment action by the insurer, the injured party does derive such an interest.[27] This is because a party injured by an insured is viewed as a third-party beneficiary of a liability insurance policy.[28] A declaratory judgment action brought by an insurer is binding upon third-party beneficiaries only if properly joined as parties to the action.[29] An insurer may join injured parties who have not yet obtained a judgment against the insured because the injured parties

---

[22] *Goliad Co., Texas v. Uranium Energy Corp.*, No. V-08-18, 2009 WL 1586688, at *7 (S.D. Tex. June 5, 2009) (citing *Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949)).

[23] *Darwin Select Ins. Co.*, 2011 WL 2174970, at *2 (citing *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 542 (5th Cir. 2008)).

[24] *Id.*

[25] *Id.* (citing *Wolfe*, 212 F.3d at 895-96).

[26] *See Ramirez*, 651 F. Supp.2d at 681.

[27] *Id.*

[28] *Nat'l Am. Ins. Co. v. Breaux*, 368 F. Supp. 604, 620 (E.D. Tex. 2005) (citing *State Farm Co. Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1969)).

[29] *See id.*; *see also Citigroup Global Markets, Inc. v. Brown*, 261 S.W.3d 394, 401 (Tex. App.— Houston [14th Dist.] 2008, no pet.) (citing *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162-63 (Tex. 2004) (a party seeking declaratory relief must join in the declaratory judgment action all parties that it seeks to bind by the declaration)).

derive their rights, if any, to collect insurance proceeds directly from the rights of the insured.[30]
The parties are deemed to be in privity by virtue of their shared legal interest.[31]   A failure to
include an injured party in a declaratory judgment action would substantially increase the risk of
contradictory decisions by different courts regarding the coverage responsibility of the insurer.[32]
Most importantly, the interest of an injured party would be prejudiced if not joined to the
declaratory judgment action.[33]

> *(i)   **Dismissal is not warranted based solely on the complaint.***

9.      If a Rule 12(b)(1) motion challenges the sufficiency of the allegations of jurisdiction,
then it is a facial attack.[34]   In a facial attack, the court must accept all material allegations in the
complaint as true and construe them in the light most favorable to the non-movant.[35]   The court
cannot look beyond the complaint.[36]

10.     The *First Amended Complaint for Declaratory Judgment* filed by Omega US identified
the Mostyns as anticipated claimants against the policy issued by Omega US to Heitzman for
damages caused by the incident.[37]   As parties injured by Heitzman, the Mostyns are third-party

---

[30] *See One Beacon Ins. Co. v. T. Wade Welch & Assoc.*, 2012 WL 1231750, at *3 (S.D. Tex. 2012) (slip copy); *see also Puente v. Chicago Ins. Co.*, 2010 WL 3463271, at *8 (S.D. Tex. 2010).
[31] *See One Beacon Ins. Co.*, 2012 WL 1231750, at *3; *see also Puente*, 2010 WL 3463271, at *8.
[32] *See Ramirez*, 651 F. Supp. 2d at 674.
[33] *Atlantic Cas. Ins. Co. v. Ramirez*, 651 F. Supp. 2d 669, 674 (N.D. Tex. 2009); *see also* TEX. CIV. PRAC. & REM. CODE § 37.006(a) (2008) ("When declaratory relief is sought pursuant to the Texas Declaratory Judgment Act, all persons who have or claim any interest that would be affected by the declaration must be made parties.  A declaration does not prejudice the rights of a person not a party to the proceeding.").
[34] *Kerns v. U.S.*, 585 F.3d 187, 192 (4th Cir. 2009); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).
[35] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).
[36] *Apex Digital*, 572 F.3d at 443-44.
[37] *See* Dkt. #19.

beneficiaries to the policy issued by Omega US.[38]  Based solely on the complaint, therefore, Omega US has established a justiciable controversy exists and the Mostyns should not be dismissed from this suit pursuant to Rule 12(b)(1).[39]

> **(ii)    *Dismissal is not warranted based on the complaint and extrinsic evidence.***

11.    If a Rule 12(b)(1) motion challenges the sufficiency of the allegations of jurisdiction, then it is a factual attack.[40]  In resolving a factual attack on jurisdiction, the court can refer to evidence outside the pleadings, such as testimony or affidavits.[41]  When a defendant makes a factual attack, the plaintiff must establish jurisdiction by a preponderance of the evidence.[42]

12.    The *First Amended Complaint for Declaratory Judgment* filed by Omega US identified the Mostyns as anticipated claimants against the policy issued by Omega US to Heitzman for damages caused by the incident.[43]  Omega US anticipated the Mostyns as claimants based on the fact that Omega US received information from credible and knowledgeable sources indicating the Mostysn suffered damage as a result of the incident.[44]  As parties injured by Heitzman, the Mostyns are third-party beneficiaries to the policy issued by Omega US.[45]  Based on the complaint and extrinsic evidence, therefore, Omega US has established a justiciable controversy exists and the Mostyns should not be dismissed from this suit pursuant to Rule 12(b)(1).[46]

---

[38] *See Ramirez*, 651 F. Supp. 2d at 683; *see also Breaux*, 368 F.Supp.2d at 620 (citing *Ollis*, 768 S.W.2d at 723).

[39] *See Ramirez*, 651 F. Supp. 2d at 683.

[40] *Kerns v. U.S.*, 585 F.3d at 192.

[41] *Apex Digital*, 572 F.3d at 444; *see also Kerns*, 585 F.3d at 193.

[42] *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub nom. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990).

[43] *See* Dkt. #19.

[44] *See* Exhibis B, C, D, and E.

[45] *See Ramirez*, 651 F. Supp. 2d at 683; *see also Breaux*, 368 F.Supp.2d at 620 (citing *Ollis*, 768 S.W.2d at 723).

[46] *See Ramirez*, 651 F. Supp. 2d at 683.

### B. Omega US Stated a Plausible Claim to Relief Under Rule 12(b)(6).

13.     Rule 12(b)(6) allows dismissal only if a plaintiff fails to state a claim upon which relief may be granted.[47]  To withstand a Rule 12(b)(6) motion, a complaint must contain enough facts to state a claim for relief that is plausible on its face.[48]  A complaint need not contain detailed factual alelgations but must provide the plaintiff's grounds for entitlement to relief, including allegations that when assumed to be true, raise a right to relief above the speculative level.[49]  The district court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.[50]  It is the court's responsibility to determine whether the plaintiff has stated a legally cognizable and plausible claim, not to evaluate the plaintiff's likelihood of success.[51]  In ruling on a Rule 12(b)(6) motion, courts must limit their inquiry to the facts stated in the complaint and the documents attached thereto or incorporated therein.[52]

14.     The federal Declaratory Judgment Act gives the Court authority to declare the rights of any interested party to the policy issued by Omega US to Heitzman.[53]  The Mostyns are interested parties because they are expected to make claims against such policy in the future.[54] Omega US named the Mostyns as nominal defendants so as to be bound by any declaration of this Court pursuant to the above-described law in Texas.   Resolving all inferences in the

---

[47] *Broyles v Texas*, 618 F. Supp. 2d 661, 682 (S.D. Tex. 2009) (citing FED. R. CIV. P. 12(b)(6)).
[48] *Id.* at 683 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)).
[49] *Id.* (citing *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).
[50] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[51] *Ashcraft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).
[52] *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).
[53] *See* 22 U.S.C. § 2201 (2010); *see also Redwood Resort Properties, LLC v. Holmes Co. Ltd.*, 2007 WL 1266060, at *4 (N.D. Tex. 2007) (mem. op.).
[54] *See* Dkt. # 19.

plaintiff's favor, Omega US has stated a legally cognizable and plausible claim against the Mostyns and this action should not be dismissed under Rule 12(b)(6).

**V.     PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Omega US respectfully moves that the Mostyns' Motion to Dismiss be denied, and for such other and further relief to which it may show itself justly entitled either at law or in equity.

Respectfully Submitted,

**DONATO, MINX, BROWN POOL, P.C.**

By:_____

Robbie A. Moehlmann
ATTORNEY IN CHARGE
State Bar of Texas No. 00789905
Federal ID No. 25235
3200 Southwest Freeway, Ste. 2300
Houston, TX 77027
Telephone: (713) 877-1112
Fax: (713) 877-1138

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with the United States District Court for the Southern District of Texas and that either through the electronic filing system and/or by facsimile; a copy of the foregoing document was served on all counsel of record, pursuant to the Federal Rules of Civil Procedure on this 25 th day of July, 2012.

Robbie A. Moehlmann