IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMEGA US INSURANCE, INC., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:12-cv-01484 | |
| § | | |
| JERRY HEITZMAN § | JURY | |
| CONSTRUCTION, et al. § | | |
|     Defendants. § | | |
| § | | |

**DEFENDANTS STEVE MOSTYN AND AMBER MOSTYN'S REPLY TO PLAINTIFF OMEGA'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT UNDER FRCP RULES 12(b)(1) AND 12(b)(6)**

**TO THE HONORABLE SIM LAKE**:

COME NOW, Steve Mostyn and Amber Mostyn, named as Nominal Defendants in the above numbered and entitled cause ("the Mostyns") and file this *Reply to Plaintiff Omega's Response to Defendants' Motion to Dismiss First Amended Complaint for Declaratory Judgment Under FRCP Rules 12(b)(1) and 12(b)(6)* ("Response").[1] In further support of dismissing the Mostyns from this action, the Mostyns show this Honorable Court as follows:

**I.    THE MOSTYNS' HAVE NOT BEEN INJURED--THERE IS NO ACTUAL CONTROVERSY BETWEEN THE MOSTYNS AND OMEGA--THEREFORE, THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION**

**A.    The Foundation of Plaintiff Omega's Entire Response to the Mostyns' Motion to Dismiss is Based on a False Fact Followed by A Flawed Legal Analysis And Legal Authority.**

    **(1) False Fact:**

1.    Omega's arguments rest on the incorrect factual premise that the Mostyns' condominium

---

[1] *See* Dkt. #34.

unit was damaged by the plumbing leak in Unit 633 during its renovation by contractor/defendant Heitzman. It was not: this is a false fact. There was no damage to the Mostyns' unit. The unit sustained no visual damage and by definition of the San Luis Condominium Declaration, Unit 334 is comprised of only the space enclosed by the finished interior surface of its perimeter walls.[2] The damage, if any, about which this declaratory judgment action has been filed, affects material contained *inside* the perimeter wall between Unit 333 and Unit 334. The Mostyns do not own this space. And again, the Mostyns's unit has not been damaged and they are not injured parties.

**(2) Flawed Legal Analysis:**

2.   Omega carries forward this false fact of actual damage to the Mostyns' unit as support for its erroneous legal argument that the Mostyns have an "interest" that would be affected by the declaration issued by this Court. Omega attempts incorrectly to classify this alleged "interest" of the Mostyns as a "third party beneficiary interest" under the insurance policy of Defendant/contractor Heitzman.[3] Thus, Omega argues that the Mostyns' third party beneficiary interest requires their joinder in the suit because an "actual controversy" exists between the Mostyns and Omega which gives this Court subject matter jurisdiction.[4] Omega argues:

> Courts have determined that in cases whether both the insured and **INJURED PARTY** are joined as defendants in a declaratory judgment action by the insurer, the **INJURED PARTY** does derive such an interest. This [the interest] is because a **PARTY INJURED** by an insured is viewed as <u>a third-party beneficiary</u> of a liability insurance policy [cite omitted]. A declaratory judgment action brought by an insurer is binding upon third party beneficiaries only if properly joined as parties to the action[cite omitted].[5]

---

[2] *See* Ex. A-1.
[3] *Id.*
[4] See Dkt. # 34 at 5.
[5] *Id.* (emphasis added).

3. Under the facts of this case the above legal analysis is just plain wrong. To be a third party beneficiary of a liability insurance policy, one has to be an **INJURED PARTY**.[6] First and foremost, the Mostyns are **not INJURED PARTIES**. Accordingly, because the Mostyns are **not INJURED PARTIES**, the Mostyns are not and cannot be "interested parties" or "third party beneficiaries" and do not have a "shared legal interest" in any shape, form, or fashion in this matter.[7] Because there is no injury, logically there is no underlying state court suit. Because there is no underlying state court suit there is absolutely no actual controversy between the Mostyns and Omega which would support a declaratory judgment action. Because there is no valid declaratory judgment action, as to the Mostyns there is no subject matter jurisdiction.[8]

4. In summary, Omega has climbed the inference ladder and reached the wrong result. There is no reasonable inference that will support this claim against the Mostyns. Omega started on the first rung with the false fact that the Mostyns' unit was damaged. On the second rung, Omega then incorrectly assumed that the Mostyns were potential state court plaintiffs who would eventually sue for their damages. Then, Omega stepped up to the third rung and wrongly concluded that the Mostyns had an "interest" in the subject matter of *this* suit. On the fourth ladder step, Omega acted on its incorrect inference of false fact, incorrect assumption and wrong conclusion and improperly joined the Mostyns in its declaratory judgment action. Omega's piling of faulty inference upon faulty inference and assumptions has led to the wrong result of joining the Mostyns in this suit. Now, the Mostyns move for a dismissal from this action. It should be granted.

### (3) Flawed Legal Authority:

---

[6] *See State Farm County Mutual Ins. Co. v. Ollis*, 768 S.W.2d 722 (Tex. 1989); *Great American Ins. Co. v. Murray,* 437 S.W.2d 264 (Tex. 1969).
[7] *See* Dkt. # 34 at 5.
[8] *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 277, 239-41 (1937).

5.     The primary legal authority upon which Omega relies for the above wrong inferences and erroneous legal proposition, *Atlantic Casualty Insurance Co. v. Ramirez*[9] is easily distinguished from the facts of this case. In *Ramirez*, Atlantic issued a commercial insurance policy to a trucking company owned by Mr. Ramirez. *Clem's Ye Olde homestead Farms, Ltd*. ("the Clems") hired the trucking company to haul clean fill material to its property.[10] Subsequently, it was discovered that the material hauled by the trucking company was foundry sand which was environmentally unsuitable for the Clems' land. The Clems filed suit against the trucking company and others.[11] The trucking company, in turn, demanded that its insurer, Atlantic, defend and indemnify it.[12] Atlantic then filed a declaratory judgment action and named as defendants, its policyholder, the trucking company, Ramirez, and the Clems.[13] The Court explained Atlantic's action as follows:

> Atlantic seeks a declaration from this Court that the company has no duty to defend or indemnify the LBJ Defendants [trucking company] **in the Underlying Lawsuit** because of the policy exclusions, <u>and has joined the Clem Defendants in this action given their status as potential judgment creditors against the LBJ Defendants</u>.[14]

6.     Like the Mostyns here, the Clems filed motions to dismiss under Rules 12(b)(1) and 12(b)(6), alleging that they were not proper parties to the declaratory judgment action because no actual controversy existed between them and Atlantic which, in turn, deprived the Court of subject matter jurisdiction.[15] Although the *Ramirez* Court denied the Clem Defendants' motion

---

[9] *Atlantic Casualty Insurance Co. v. Ramirez*, 651 F. Supp. 2d 669 (N.D. Tex. 2009).
[10] *Id.* at 672.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*

to dismiss, importantly, it did so citing the United States Supreme Court decision of *Maryland Casualty Co. v. Pacific Coal & Oil Co.*[16] and wrote:

> Yet, the Supreme Court has determined that a declaratory judgment action brought by an insurance company against its insured *and* an **INJURED PARTY** –a potential judgment creditor like the Clem Defendants—seeking liability determination against the insured **in a state court action** does constitute an actual controversy within the meaning of the Declaratory Judgment Act *Maryland Casualty* at 272.[17]

7. Thus, *Maryland Casualty* stands for the proposition that in a declaratory judgment action among an insurer, an insured, **and a plaintiff in a pending lawsuit against the insured** constitutes a "controversy" within the meaning of the Declaratory Judgment Act and Article III of the Constitution.[18]

8. Thus, the *Ramirez* court found that an actual controversy existed based on the fact that the **INJURED PARTY** was a plaintiff in an ongoing, underlying state court suit; and thus, had a "real and substantial, …interest" in the declaratory judgment action.[19] Significantly, the Court in *Ramirez* also relied on an opinion from the Fifth Circuit, *Central Surety & Ins. Corp. v. Norris*[20] which holds; "that an **INJURED PARTY**, <u>who is a plaintiff in state court litigation against an insured party</u>, has a 'real and substantial, though not immediate' interest in a determination of whether an insurance company has a duty to indemnify the insured, and as such is a proper party to a declaratory judgment action."[21] The facts in *Ramirez* and *Norris* are not the facts here: the Mostyns are **not INJURED PARTIES** and they are **not plaintiffs in a pending state court suit**.

---

[16] *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941).
[17] *Ramirez*, 651 F. Supp.2d at 673 (bolded emphasis added).
[18] *Maryland Cas.,* 312 U.S. at 272-74.
[19] *Id.*
[20] *Central Surety & Ins. Corp. v. Norris,* 103 F.2d 116, 117 (5th Cir. 1939).
[21] *Ramirez* at 674.

9. Thus, it could not be clearer that the distinguishing facts between *Ramirez* and this case are **INJURED PARTIES** *and* an underlying lawsuit. These key ingredients are missing here and these factual distinctions are critical. *Ramirez* provides no support to Omega for its proposition that the Mostyns are proper parties to this declaratory judgment. There is no actual controversy which would give this Court subject matter jurisdiction. The Declaratory Judgment Act does not exempt federal district courts from the constitutional requirement that there be an actual controversy between the parties.[22] Omega has failed to meet its burden under Rule 12(b)(1) to show this Court that it has subject matter jurisdiction. Because there is no subject matter jurisdiction as to the Mostyns, they should be dismissed from this suit.

**B. OMEGA HAS FAILED IN ITS BURDEN TO STATE A "PLAUSIBLE" CLAIM UNDER RULE 12(b)(6).**

10. Likewise, Omega has failed in its burden to state a "plausible" claim under Rule 12(b)(6); therefore, the Mostyns should be dismissed from this action on this ground as well. A "plausible claim" is one that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[23] Omega argues in its Response that it has stated a plausible claim in that: "[t]he Mostyns are interested parties because they are expected to make claims against such policy in the future."[24] This statement is wrong in two respects and therefore, a reasonable inference cannot be drawn. First, as discussed above, the Mostyns are not "interested parties" or "third party beneficiaries" because, among other reasons, there is no actual controversy between the Mostyns and Omega. Also, as noted above, for jurisdictional purposes, the Declaratory Judgment Act "does not exempt federal district courts from the constitutional requirement that an

---

[22] *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937).
[23] *See Ascroft v. Iqual*, 556 U.S. 662, 674 (2009).
[24] *See* Dkt. #34.

actual controversy exists between the parties."[25] And again, in a declaratory judgment action in which the action was among an insurer, an insured, **and a plaintiff in a pending lawsuit against the insured,** a "controversy" within the meaning of the Declaratory Judgment Act would exist if all of these elements were present which, in this case they are not.[26]

11. Second, the latter part of the statement–"*they are expected to make claims against such policy in the future*"[27]—is also legally wrong. This contingency could never happen because the Mostyns are not parties to the insurance policy and Texas does not have a direct action statute which would allow the Mostyns to sue Omega directly even if the Mostyns were damaged.[28] If the law were as Omega proposes in the above statement then, for example, in a car wreck situation plaintiffs could sue the other driver's insurance carrier directly. While plaintiffs would, no doubt, like this to be the law in Texas—it is not the law in Texas. If the law does not allow the Mostyns to sue Omega, how then can Omega have standing to sue the Mostyns? The answer is simple—they cannot and do not have standing to bring this action and name the Mostyns. Moreover, this is a diversity action and thus, when the claims asserted are based on state law, this Court looks to state law. Omega cannot ask this Court to declare relief regarding a coverage issue involving state law claims when that same relief between Omega and the Mostyns is unavailable under state law.[29] For this additional reason, the Mostyns should be dismissed from this action.

---

[25] *Standard Fire Ins. CO. v. Sassin*, 894 F. Supp. 1023, 1025-26 (N.D. Tex. 1995)(citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937)).
[26] *See Maryland Cas*., 312 U.S. 272-4.
[27] *See* Dkt. #34
[28] *See Russell v. Harford Cas. Ins. Co*., 548 S.W.2d 737, 741 (Tex. Civ. App. 1977, writ ref'd n.r.e.); *see also* TEX. R. CIV. P. 51(b)(precluding joinder of a liability or indemnity insurance company in a tort case unless the insurance company is by statute or contract directly liable to the person injured or damaged).
[29] *See Klein v. O'Neal*, 2009 U.S. Dist. LEXIS 101544 (N.D. Tex. October 30 2009).

## II. CONCLUSION AND PRAYER

12. Under Rule 12(b)(1) the Mostyns should be dismissed from this Declaratory Judgment action because this Court does not have subject matter jurisdiction. Omega has not and cannot plead a "plausible" set of facts to show the existence of the requisite "case or controversy" under the Declaratory Judgment Act. The key ingredients to maintaining this action are the existence of an **INJURED PARTY** *and* an underlying state court suit. Those key ingredients are missing here. Because there is no damage, there is no underlying state court action involving these parties or this incident and it is not "plausible" that there will be such a suit under Texas law upon which this Court could base the existence of a case or controversy and from that point, establish subject matter jurisdiction.

13. Likewise, Omega has failed to allege a cognizable legal theory as required under Rule 12(b)(6). There are no facts showing the Mostyns to be third party claimants, tort plaintiffs, or potential third party beneficiaries under the policy in question; therefore, there is no "plausible" basis for a Declaratory Judgment action. It is well established that the Declaratory Judgment Act is procedural only and does not create a substantive cause of action on its own.[30] The Mostyns under Texas law which does not have a direct action statute would be prohibited from suing Omega directly. This Court cannot afford a recovery if the right to the recovery is made unavailable by the state. Because there is no pending or actual controversy between Omega and the Mostyns as there was no damage to the Mostyns' unit, and because Texas law bars a recovery even if there was a pending or actual controversy, the Mostyns are not proper parties to Omega's Declaratory Judgment Complaint, and should be dismissed.

14. Finally, because this action is totally improper as to the Mostyns and the other homeowners who have been wrongfully sued, served, and forced to answer this improper

---

[30] *See Lowe v. Ingalls Shipbuilding, Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984).

complaint, it is unreasonable for Omega after filing suit, to now bargain with the Mostyns' and other Defendants for their dismissal based on any kind of a conditional release. This suit should never have been filed in the first place. Omega should dismiss the Mostyns immediately.

WHEREFORE, PREMISES CONSIDERED, the Mostyns respectfully pray that their Motion to Dismiss be granted and that the Court order the dismissal of the Mostyns from the above entitled and numbered cause; and that, the Mostyns be granted any such other and further relief to which they may show themselves to be justly entitled, either at law or in equity.

Respectfully submitted,

**THE MOSTYN LAW FIRM**

*/s/ René M. Sigman*
René M. Sigman    Attorney-in-Charge
Federal Bar No. 900984
Texas Bar No. 24037492
Kay K. Morgan
Federal Bar No. 2924
State Bar No. 05358600
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with the United States District Court for the Southern District of Texas and that either through the electronic filing system and/or by facsimile; a copy of the foregoing document was served on all counsel of record, pursuant to the Federal Rules of Civil Procedure on this 2nd day of August, 2012.

*/s/ René M. Sigman*
René M. Sigman    Attorney-in-Charge