IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMEGA US INSURANCE, INC., <br> Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 4:12-cv-01484 |
| JERRY HEITZMAN CONSTRUCTION, et al. <br> Defendants. | § <br> § <br> § <br> § | JURY |

**DEFENDANTS STEVE MOSTYN AND AMBER MOSTYN'S MOTION FOR ATTORNEY'S FEES FOR THE NECESSITY OF FILING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT UNDER FRCP RULES 12(b)(1) AND 12(b)(6)**

**TO THE HONORABLE SIM LAKE**:

COME NOW, Steve Mostyn and Amber Mostyn, named as Nominal Defendants in the above and entitled cause ("Mostyns" or "Defendants") and pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, move this Court to award attorney's fees to the Mostyns for the drafting and filing of *Defendants Steve Mostyn and Amber Mostyn's Motion to Dismiss First Amended Complaint for Declaratory Judgment Under FRCP Rules 12(b)(1) and 12(b)(6)*. In support of granting the Mostyns an award of attorney's fees the Mostyns would show as follows:

### I. NATURE AND STAGE OF THE PROCEEDINGS

1. Omega filed its *First Amended Complaint for Declaratory Judgment* which arises out of a plumbing leak incident at the San Luis Condominiums located at 5220 Seawall Blvd. Galveston, Texas. Omega sued its policyholder, Jerry Heitzman Construction ("Heitzman") and

named nineteen (19) other condominium owners, including the Mostyns, the San Luis Condominium Council, and the San Luis Condominium Association as nominal defendants.[1]

2.     Omega seeks a declaratory judgment that it has no obligations to provide coverage for any damages which allegedly occurred in December, 2011 as a result of the water leak incident.[2] The fact that these defendants have been sued only in the capacity of "nominal defendants" is insignificant because, like the Mostyns here, these entities and persons will still be required to hire legal representation and file answers or motions to dismiss and spend time and money defending this suit in which liability has not been alleged. As to the Mostyns whose unit suffered no damage, and perhaps as to others, this suit is totally unjustified and frivolous. This is a waste of the personal resources and this Court's judicial resources as well.

3.     Accordingly, with this Motion for Attorney's Fees, the Mostyns move for an award of attorney's fees for the frivolous filing of Omega's *First Amended Complaint for Declaratory Judgment* against the Mostyns.

## II.     ISSUE PRESENTED

4.     Whether Defendants are entitled to an award of attorney's fees for the frivolous filing of Plaintiff's *First Amended Complaint for Declaratory Judgment* and joinder of the Mostyns as parties.

## III.     SUMMARY OF ARGUMENT

5.     The Mostyns should be awarded attorney's fees pursuant to Rule 11(b) of the Federal Rules of Civil Procedure for the filing of Omega's *First Amended Complaint for Declaratory Judgment* ("DJ Complaint") which included the Mostyns as nominal defendants. This pleading is frivolous as to the Mostyns because it has no basis either in fact or in law.

---

[1] *See* Dkt. # 19.
[2] *Id.*

6. As to the Mostyns, this Court does not have subject matter jurisdiction because Omega has not and cannot plead a "plausible" set of facts to show the existence of the requisite "case or controversy" under Rule 12(b)(1). Other than identifying the names and address of the Mostyns, the DJ Complaint contains no specific factual allegations whatsoever concerning them. The Mostyns are not parties to the contract/insurance policy between Omega and Heitzman. The DJ Complaint does not identify whether the Mostyns individually have been damaged or identify how the Mostyns have any connection to this dispute. In fact, the Mostyns' condominium unit has <u>not</u> been damaged by the alleged leaking pipes from the renovated unit above them. For a case or controversy, a plaintiff must show an injury-in-fact that involves an interest that is <u>*concrete and particularized*</u>, <u>*actual or imminent*</u>, and <u>*not conjectural or hypothetical*</u>.[3] With regard to the Mostyns, Plaintiff cannot show an injury-in-fact because the Mostyns' unit has not been damaged. Because there is no damage, there is no underlying state court action involving these parties or this incident and Plaintiff has not pled any "plausible" facts that there will be such a suit upon which this Court could base the existence of a case or controversy in this action.

7. In addition, Plaintiff Omega has no standing to bring this Declaratory Judgment action against the Mostyns. "Standing" is part of the showing of the case or controversy requirement under Article III. For standing, Plaintiff must show that it is entitled to an adjudication of the particular claims asserted that it seeks as to the Mostyns.[4] Consequently, if there is no damage and no reason to sue the contractor for damages to the Mostyns' unit as a result of the plumbing leak, then there will be no reason for the contractor's insurance company, Omega, to be involved which would generate the right to relief that Plaintiff Omega now seeks.

---

[3] *See Ashcroft v. Iqbal,* 556 U.S. 662, 674-76 (2009).
[4] *See Allen v. Wright*, 468 U.S. 737, 752 (1984).

8.     Furthermore, Plaintiff's Declaratory Judgment action is not ripe for judicial determination. The ripeness doctrine prevents premature adjudication. It is aimed at cases that do not yet have a concrete impact upon the parties arising from a dispute. That is the exact situation here. This action is not ripe for judicial determination.

9.     For the same reasons as above, as to the Mostyns, Omega has failed to allege a cognizable legal theory as required under Rule 12(b)(6). There are no facts showing the Mostyns to be third party claimants, tort plaintiffs, or potential third party beneficiaries under the policy in question; therefore, there is no "plausible" basis for a Declaratory Judgment action as it pertains to the Mostyns. It is well established that the Declaratory Judgment Act is procedural only and does not create a substantive cause of action on its own.[5]

10.    Finally, Omega has failed to plead any facts to establish the existence of an "actual controversy" between itself and the Mostyns as required under the Declaratory Judgment Act. The same facts that show a lack of a case or controversy also show the lack of an actual controversy.

11.    In sum, this action is frivolous as to the Mostyns. There is no case or controversy between the Mostyns and Omega sufficient to establish subject matter jurisdiction. Plaintiff has not and cannot establish that it has standing to file this action. Additionally, because a cognizable legal theory has not been plead or any facts alleged to establish the existence of an actual controversy between Omega and the Mostyns that comes within the purview of the Declaratory Judgment Act, the Mostyns are not proper parties under this Declaratory Judgment action and the action is not ripe for judicial determination. Because this pleading as to the Mostyns is frivolous, the Mostyns, respectfully request under Rule 11(b) of the Federal Rules of Civil Procedure an

---

[5] *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984).

award of attorney's fees for the necessity of bringing the Motion to Dismiss and this Motion for attorney's fees.

## IV. ARGUMENT AND AUTHORITIES

### A. THE LAW:

12.  Rule 11 of the Federal Rules of Civil Procedure makes every signature on a pleading, written motion or other paper a "certification" formed after reasonable inquiry that, among other circumstances, the claims and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.[6] The purpose of the certification in Rule 11 is to create an affirmative duty of investigation both as to law and as to fact, and thus to deter frivolous actions and costly meritless maneuvers.[7]

13.  The test for a violation of Rule 11 is whether the paper filed is frivolous, legally unreasonable, or without factual foundation even though it was not filed in bad faith.[8] "Frivolous" is shorthand for filings that are both baseless and made without reasonable and competent inquiry.[9] A paper need not be frivolous as a whole but may be frivolous only as to a part.[10]

### B. ANALYSIS:

14.  The Mostyns contend that Omega's *First Amended Complaint for Declaratory Injunction* is frivolous as to them because they are not parties to the insurance policy at issue and their condominium unit has not suffered damage as a result of the plumbing leak. Thus, there is absolutely no legitimate reason or basis for their joinder as nominal defendants. There is no underlying state court suit for damages arising out of this incident to which they are a party. The

---

[6] FED. R. CIV. P. 11(b)(2).
[7] *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 550 (1991).
[8] *See Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831 (9th Cir. 1986).
[9] *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997).
[10] *See Patterson v, Aiken* 841 F.2d 386, 387 (11th Cir. 1988).

Mostyns, therefore, are not third-party claimants and if a suit is never filed regarding this incident, the Mostyns will never have the opportunity to become third-party beneficiaries to the insurance policy. Because Texas is not a direct action state, a suit could not even be filed by the Mostyns against Omega.

15. Based on these facts and the law, Omega's suit is frivolous because there is no case or controversy as required under Rule 12(b)(1) for this Court to have jurisdiction; Omega has no standing as to the Mostyns because it has not shown that it is entitled to an adjudication of the particular claim upon which it seeks relief; and, this suit is not ripe for judicial determination because it rests upon contingent future events that may never occur at all. In short, a substantial controversy does not exist between these parties having adverse legal interests. Likewise, based on these facts, Omega has failed to state a claim against the Mostyns under Rule 12(b)(6); and, there is no actual controversy which will support a Declaratory Judgment action. These grounds which evidence the frivolous nature of Omega's *First Amended Complaint for Declaratory Judgment* as to the Mostyns are more fully described in *Defendants Steve Mostyn and Amber Mostyn's Motion to Dismiss First Amended Complaint for Declaratory Judgment* filed contemporaneously herewith and adopted and incorporated herein.

16. Central to all of these grounds, however, is the fact that the Mostyns' condominium unit suffered no damage as a result of the plumbing leak. This fact could have been verified if a reasonable investigation had been conducted prior to Omega's filing of suit. For the failure to reasonably investigate the underlying facts prior to filing suit and for the untenable legal theories alleged which do not apply to the Mostyns and for which this Court lacks jurisdiction to consider, the Mostyns move for an award of attorney's fees for having to research, draft, and file the Motion to Dismiss and this Motion for Attorney's fees. Attached hereto and incorporated

6

herein marked as Exhibit "A" is the affidavit of lead counsel, Ms. Rene Sigman, presented in support of this Motion regarding the amount of time spent and rates of the attorneys involved in responding to Omega's frivolous pleading. The Mostyns move that attorney's fees be awarded.

## V.   CONCLUSION AND PRAYER

17.   Attorney's fees should be awarded to the Mostyns pursuant to Rule 11(b) of the Federal Rules of Civil Procedure because the Plaintiff's *First Amended Complaint for Declaratory Judgment* is frivolous as to the Mostyns. As shown in *Defendants Steve Mostyn and Amber Mostyn's Motion to Dismiss First Amended Complaint for Declaratory Judgment* filed contemporaneously herewith and adopted and incorporated herein, and as reiterated above, Plaintiff has failed in its burden to allege facts which show the existence of a case or controversy between the Mostyns and Plaintiff. Thus, the Court has no jurisdiction of this matter under Rule 12(b)(1). In addition, Plaintiff does not have standing because Plaintiff has not shown and cannot show that it is entitled to an adjudication of the particular relief it seeks as to the Mostyns. The Mostyns are not proper parties to this matter. Likewise, as shown by the facts above and discussed in *Defendants Steve Mostyn and Amber Mostyn's Motion to Dismiss First Amended Complaint for Declaratory Judgment,* this suit is not ripe for a judicial determination because it rests entirely upon contingent future events that may not occur at all. Plaintiff has also failed to state a valid claim against the Mostyns under Rule 12(b)(6) and has failed to allege the existence of an actual controversy sufficient to support a Declaratory Judgment action. For all these reasons, Plaintiff's *First Amended Complaint for Declaratory Judgment* as to the Mostyns is frivolous and therefore, attorney's fees should be awarded to the Mostyns for having to research, draft, and file a Motion to Dismiss the DJ Complaint as to them and for the filing of this Motion for Attorney's Fees as well.

WHEREFORE, PREMISES CONSIDERED, the Mostyns respectfully pray the Court to grant this Motion and award them attorney's fees pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, and grant the Mostyns any other and further relief to which they may show themselves justly entitled, either at law or in equity.

Respectfully submitted,

**THE MOSTYN LAW FIRM**

 */s/ René M. Sigman*
René M. Sigman        Attorney-in- Charge
Federal Bar No. 900984
Texas Bar No. 24037492
Kay K. Morgan
Federal Bar No. 2924
Texas Bar No. 05358600
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this document with the United States District Court for the Southern District of Texas and that either through the electronic filing system and/or by facsimile; a copy of the foregoing document was served on all counsel of record, pursuant to the Federal Rules of Civil Procedure on this 3rd day of August, 2012.

 */s/ René M. Sigman*
René M. Sigman

### CERTIFICATE OF CONFERENCE

I hereby certify that I contacted Robbie Moehlmann, who represents Omega US Insurance Co. in the above entitled and numbered cause and Mr. Moehlmann represented his opposition to the above motion.

 */s/ Kay K. Morgan*
Kay K. Morgan