IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| OMEGA US INSURANCE, INC. § | |
| § | |
| V. § | CIVIL ACTION NO. G-12-317 |
| § | |
| JERRY HEITZMAN CONSTRUCTION, § | |
| ET AL. § | |

### OPINION AND ORDER

Before the Court, with the consent of the Parties under 28 U.S.C. § 636(c)(1), is the Motion for Summary Judgment of Plaintiff, Omega US Insurance, Inc. (Omega). Omega's Motion is currently ripe for determination.

The facts relevant to the disposition of Omega's Motion can be briefly summarized. Lucy and Peter Goldsmith (Goldsmiths) entered into an agreement with Defendant, Jerry Heitzman Construction (Heitzman) for $46,644.00 of remodeling work in their sixth floor condominium at the San Luis Condominiums in Galveston, Texas. One of the tasks to be performed by Heitzman was the rerouting of a water line in the laundry room which required the installation of additional plumbing.[1] Apparently, Heitzman failed to properly glue a PVC fitting and the resultant water leak caused extensive damages to the Goldsmith's condominium and several condominium units directly below it. The Goldsmiths and another condominium owner, The Cres Trust (Cres), *inter alios*, sued

---

[1] The agreement between the Goldsmiths and Heitzman described the task as "move plumbing in laundry room."

Heitzman in state court. Heitzman alerted Omega, his insurance carrier, of the claims. Omega concluded that the policy did not cover the work that caused the damages and filed this declaratory judgment action seeking a declaration that it has no duty to defend or indemnity Heitzman for any of the numerous claims asserted against him.

Omega is now seeking summary judgment. Heitzman has not responded to the Motion, but the Goldsmiths and Cres are adamant that Omega's policy covers their damages. The Court, while sympathetic to the plight of Heitzman and the respondents, respectfully disagrees.

Omega's "Commercial Lines Policy" insuring Heitzman for up to $600,000.00, covered twelve specific classifications of work. Plumbing was not one of them. Consequently, Heitzman was not insured for performing plumbing work, which is the kind of work that directly caused the water damages made the basis of the state court suit. While the Court is certain that Heitzman was unaware of this limitation in his insurance policy, the Court cannot ignore the clear policy language or, as respondents suggest, "redefine" plumbing as some reasonably inferred subcategory of the twelve express classifications listed in the policy.

In addition, the policy excluded work performed by Heitzman as a general contractor on condominiums or in buildings over three floors in height. There is no credible argument that Heitzman was not a general contractor on the Goldsmith job, in

fact, Heitzman admitted he was. The Goldsmiths' sixth floor condominium, therefore, obviously falls within the scope of both exclusions.

Unfortunately, for Heitzman and the respondents, Omega's policy unambiguously provides no coverage for the claimed damages. The desperately torturous interpretations of the policy language offered by respondents is admirable lawyering, but wholly unconvincing.

It is, therefore, the **ORDER** of this Court that the Motion for Summary Judgment (Instrument no. 76) of Plaintiff, Omega US Insurance, Inc., is **GRANTED**.

It is further **ORDERED** that Omega **SHALL**, on or before **July 5, 2013**, submit a Proposed Final Judgment to the Court for its consideration.

**DONE** at Galveston, Texas, this ___24th___ day of June, 2013.

_____
John R. Froeschner
United States Magistrate Judge